UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:03-cr-00350-LRH-PAL-6 |
| Respondent/Plaintiff, | ORDER |
| v. | |
| DARREAL BIDDLE, | |
| Petitioner/Defendant. | |

Defendant Darreal Biddle moves *pro se* for a compassionate release (ECF Nos. 2007 & 2011) under 18 U.S.C. § 3582, which the Government opposes (ECF No. 2026).[1] For the reasons contained with this Order, the Court denies Biddle's motion.

**I.   BACKGROUND**

Darreal Biddle, aka D-Locc, was a "Young Gangsta (Y.G.)" and "shooter" for the Rolling 60s Crips gang that operated in Las Vegas from 1990 to 2003. The Rolling 60s Crips gang was a criminal organization whose members engaged in acts of violence, including murder, attempted murder, arson, robbery, and narcotics distribution. As a Y.G. and shooter, Biddle participated in the criminal enterprise by establishing and maintaining gang turf, possessing and distributing illicit drugs, and committing murder. On December 21, 1997, he murdered Billy Rex Traver, a cab driver for North Las Vegas Cab Company, during a robbery, and on September 26, 2001, murdered rival gang members Patrick Hawkins and Adrian Williams during the robbery of a drug house. On September 2, 2002, Biddle was arrested and charged with murder and burglary with a deadly

---

[1] The Federal Public Defender's Office filed a notice of non-supplementation. ECF No. 2019.

weapon, by Las Vegas Metropolitan Police Department. As a result of a two-year investigation into the killings of 15 individuals during a war over drug selling turf, these charges were dismissed and on August 13, 2003, Biddle, along with 21 other codefendants, was arrested by the FBI. After a 21-count superseding indictment was returned on April 18, 2006, Biddle pled guilty to violating 18 U.S.C. § 1962(d), conspiracy to engage in a racketeering-influenced corrupt organization, on May 8, 2006. On September 12, 2006, the Court sentenced Biddle to 348 months imprisonment, to be followed by five years of supervised release.

## II.     DISCUSSION

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include that the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility." District courts in this Circuit have reasoned that this language provides two alternative routes on which a defendant may bring his action to court. *See United States v. Rodriquez-Acedo*, Case No. 19-cr-03539, 2020 WL 4192289, at *2 (S.D. Cal. July 21, 2020); *United States v. Saenz*, Case No. 97CR2106-JLS, 2020 WL 2767558, at *2 (S.D. Cal. May 28, 2020); *United States v. Weidenhamer*, Case No. CR-16-01072-PHX-ROS, 2019 WL 6050264, at *2-4 (D. Ariz. Nov. 8, 2019). Under the first route of exhaustion, the defendant has petitioned the Warden, the Warden denies that petition within thirty days, and the defendant must fully exhaust his administrative remedies by appealing the Warden's denial. Under the second route of exhaustion, the Warden fails to act on defendant's petition within thirty days and the defendant may proceed directly to the district court. "The purpose of the 'lapse of 30 days' language is to give a defendant an alternative if attempts to exhaust administrative remedies appear futile." *Rodriquez-Acedo*, 2020 WL 4192289, at *2. The Court agrees with this reading of the statute.

Defendant submitted a request for release to the Warden at USP McCreary on May 7, 2020. ECF No. 2026-2. The Warden denied this request on May 27, 2020, articulating: "We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus.

2

However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence." ECF No. 2026-3. The Warden then provided that Defendant was to file a BP-9 form within 20 days of receipt should he choose to appeal this determination. *Id.* The record before the Court does not provide that Defendant appealed this denial or took any further administrative action. And the Government has not conceded or waived the exhaustion requirement.[2] Based on this information, the Court finds that Defendant has failed to exhaust his administrative remedies. And because this exhaustion requirement is expressly required by the statute itself, the Court is not free to carve out an exception to the congressional mandate. *See Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016) (while "judge-made exhaustion doctrines . . . remain a minimal to judge-made exceptions, . . . a statutory exhaustion provision stands on different footing. There Congress sets the rules – and courts have a role in creating exceptions only if Congress wants them to."). Therefore, the Court must deny defendant's motion for failure to exhaust his administrative remedies.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (ECF Nos. 2007 & 2011) is **DENIED without prejudice** for failure to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

IT IS FURTHER ORDERED that the Government's motion for leave to file sealed exhibits (ECF No. 2028) is **GRANTED** *nunc pro tunc* to protect the defendant's privacy.

IT IS FURTHER ORDERED that the defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* FED. R. CRIM. P. 43(b)(4).

IT IS SO ORDERED.

DATED this 5th day of November, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] At least one court in this Circuit has found that the Government may waive the exhaustion requirement by ignoring the procedural requirements and only arguing against a defendant's motion on the merits. *See Rodriquez-Acedo*, 2020 WL 4192289, at *2. That was not the case here.

3